UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FERNANDO F. AGUIRRE-URBINA,

        Petitioner,

v.

NATHALIE R. ASHER,

        Respondent.

CASE NO. 3:16-cv-05935-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 5, 2017

Petitioner is currently housed at the Northwest Detention Center and filed his federal habeas petition on November 8, 2016 pursuant to 28 U.S.C. § 2241. Dkts. 1, 3. Because petitioner is seeking relief from his state court conviction by guilty plea of drug-related crimes, and not the fact of his immigration-related detention, the Court construed the petition as filed under 28 U.S.C. § 2254.

After serving his sentence of 366 days, petitioner was released from incarceration on September 6, 2012. After completing this sentence, petitioner was detained at the Northwest Detention Center pursuant to immigration-related charges. According to Ninth Circuit authority, detention pursuant to immigration-related charges does not render petitioner "in custody"

pursuant to his 2012 state court conviction. Thus, as petitioner is no longer "in custody" pursuant to the conviction he challenges, the Court recommends respondent's motion to dismiss be granted and the petition be dismissed.

## BACKGROUND

Petitioner pled guilty in Washington state court to one count of delivery of a controlled substance and two counts of possession of a controlled substance. Dkt. 3, Dkt. 10, Exhibit 3. On May 31, 2012, petitioner was sentenced to a total of 12 months and one day of imprisonment. Dkt. 10, Exhibit 3. With credit for his pretrial confinement, petitioner completed his sentence on September 6, 2012. Dkt. 10, Exhibit 30, Exhibit 31. Petitioner has no further obligations under his 2012 conviction. Dkt. 10, Exhibit 31.

Petitioner did not file a direct appeal. On May 10, 2013, petitioner obtained new counsel, who filed a two-page motion with the Yakima County Superior Court seeking to vacate his guilty plea. Dkt. 10, Exhibit 4. The superior court ordered that the motion be transferred to the Washington Court of Appeals as a personal restraint petition. Dkt. 10, Exhibit 5. Petitioner moved for reconsideration of the transfer, which was denied on June 17, 2013. Dkt. 10, Exhibit 6, Exhibit 7.

In the Washington Court of Appeals, petitioner sought permission to file a separate personal restraint petition as a substitute for his motion to vacate. Dkt. 10, Exhibit 8, Exhibit 9. On September 5, 2013, petitioner filed his substitute personal restraint petition, and raised two grounds for relief: (1) whether his guilty plea was entered knowingly, voluntarily and intelligently; and (2) whether his attorney provided ineffective assistance of counsel by failing to pursue potential defenses based on petitioner's mental health issues. Dkt. 10, Exhibit 12.

On June 20, 2014, the Washington Court of Appeals dismissed the personal restraint petition as time-barred. Dkt. 10, Exhibit 16. In the alternative, the Washington Court of Appeals denied the petition as his claims were without merit. *Id.*

Petitioner moved for discretionary review by the Washington Supreme Court. Dkt. 10, Exhibit 17, Exhibit 18. On May 16, 2016, the Commissioner of the Washington Supreme Court issued a ruling denying discretionary review. Dkt. 10, Exhibit 25. The Commissioner ruled that the petitioner was not time-barred, but that his claims lacked merit. *Id.* Petitioner moved to modify the ruling, which was denied on August 31, 2016. Dkt. 10, Exhibit 26, Exhibit 28. The Washington Court of Appeals issued a certificate of finality on September 20, 2016. Dkt. 10, Exhibit 29.

On November 8, 2016, petitioner filed his federal habeas petition under 28 U.S.C. § 2241, raising the following two grounds: (1) whether petitioner's guilty plea was invalid and (2) whether the state court erred when it failed to give petitioner a hearing on the issues presented. Dkt. 3. Petitioner is currently housed at the NW Detention Center in Tacoma, Washington, on charges unrelated to his 2012 conviction, and the named respondent is the director of that facility, Nathalie Asher. Dkt. 3. The Court construed the petition as filed under 28 U.S.C. § 2254 since petitioner is seeking relief from his state court conviction by guilty plea of drug-related crimes, and not the fact of his immigration-related detention. *See* Dkts. 1, 3, 4.

Respondent filed a motion to dismiss, arguing that the petition should be dismissed because petitioner is no longer "in custody" for his 2012 convictions. Dkt. 11. Interested party, the State of Washington, also filed response to the petition, maintaining that this Court lacks jurisdiction because petitioner is no longer in custody. Dkt. 9. The State of Washington argues that in the alternative, the petition is untimely and fails on the merits. *Id.* In his response, petitioner does not

dispute that his petition arises under § 2254. *See* Dkt. 18. And even if the Court construed the petition pursuant to § 2241, petitioner would not be entitled to relief. *See Contreras v. Schiltgen*, 122 F.3d 30, 32-33 (9th Cir. 1997) (A petitioner cannot challenge a state court conviction through a petition for habeas corpus under 28 U.S.C. § 2241.); *Resendiz v. Kovensky,* 416 F.3d 952, 960-61 (9th Cir. 2005) ("[W]e adhere to the holding of *Contreras* and affirm the district court's conclusion that Resendiz may not collaterally attack his state conviction in a habeas petition against the INS under § 2241."), *abrogated on other grounds by Chaidez v. United States*, 133 S. Ct. 1103 (2013).

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because petitioner's claims may be resolved on the existing state court record.

## DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution

or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id.* at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (*quoting Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Id.* at 492.

The Ninth Circuit has found that immigration consequences of a state court conviction do not render a petitioner "in custody" for purposes of federal habeas review. *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) ("[W]e [] reject [petitioner]'s argument that the immigration consequences of his state conviction render him 'in custody pursuant to the judgment of a State court . . . ."), *abrogated on other grounds by Chaidez v. United States*, 133 S.Ct. 1103 (2013). The Ninth Circuit reasoned that immigration consequences "arise from the action of an independent agency—indeed, in the case of a state conviction, an independent sovereign—and are consequences over which the state trial judge has no control whatsoever." *Resendiz,* 416 F.3d at 957; *See also Ali v. Clark*, 2010 WL 5559393, at *3 (W.D. Wash. Dec. 16, 2010), *report and recommendation adopted,* 2011 WL 66024 (W.D. Wash. Jan. 10, 2011).

Here, petitioner was sentenced a total of 366 days of incarceration on May 31, 2012. Dkt. 10, Exhibit 3. As petitioner was not sentenced to a term of community custody, he was no longer "in custody" on the May 31, 2012 convictions upon his release from incarceration on September 6, 2012. Dkt. 10, Exhibit 31. Petitioner did not file the petition until November 8, 2016, over four years later. The fact that petitioner is currently detained pursuant to an immigration-related

proceeding does not render him "in custody" for his May 2012 convictions. *See Resendiz,* 416 F.3d at 956 (9th Cir. 2005); *Ali*, 2011 WL 66024.

To the extent that petitioner attempts to rely on *Padilla v. Kentucky,* 559 U.S. 356 (2010) for the proposition that his immigration consequences satisfy the in custody requirement for federal habeas petitions, in that case, the Supreme Court held that the petitioner's counsel was deficient when he failed to advise defendant that his guilty plea made him subject to automatic deportation. *Id.* at 365. However, the Supreme Court did not resolve whether the possibility of deportation was a collateral or direct consequence of a criminal conviction. *Id.* at 365-66.

Accordingly, petitioner does not meet the "in custody" requirement and this Court lacks jurisdiction over this case. The Court recommends that the petition be dismissed.

## CERTIFICATE OF APPEALABILITY

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

//

//

# CONCLUSION

The Court recommends that respondent's motion to dismiss be granted and the petition be dismissed for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **May 5, 2016**, as noted in the caption.

Dated this 12th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge